JONES *v.* MAYOR AND ALDERMEN OF THE CITY OF LITTLE ROCK.

JURISDICTION OF SUPREME COURT—*writ of injunction.* The fourth section of article seven of the Constitution limits the original jurisdiction of this court to the *writs* therein enumerated, and such other *remedial writs* as may be properly used in the exercise of its appellate, or may be necessary in the exercise of its supervisory, jurisdiction.

This court can not issue any of the writs enumerated in that clause, except in aid of its appellate or supervisory jurisdiction.

This court can not issue a writ of injunction upon an original bill of complaint filed herein. *Carnall v. Crawford County,* 6 *Eng.,* 617. Affirmed.

The present Constitution does not extend the jurisdiction formerly possessed by this court.

The petition in this case does not show any inherent defect in the inferior tribunal having original jurisdiction of such cases; nor the incompetency of the incumbent of such tribunal; and must be dismissed.

*Petition for Injunction.*

WATKINS & ROSE, RICE & BENJAMIN, for relator.

The issuance of change tickets by the city is illegal by statute. *Gould's Dig.*, p. 244. But the bills so issued are not void. *Van Horne v. State*, 5 *Ark.*, 351.

But, if they were void, the injunction ought to issue any way. *Hamilton v. Cummings*, 1 *I. C. R.*, 520. Any inhabitant and tax-payer of a city may bring a bill for himself, and all other tax-payers and inhabitants, to prevent the execution of an illegal act by the common council. *Sto. Eq. Pl.*, sec. 97; *Wilson v. Biscoe*, 11 *Ark.*, 56; *Conway, ex parte*, 4 *id.*, 340; *Christopher v. Mayor*, &c., 13 *Barb.*, 567; *Stuyvesant v. Pearsall, id.*, 244; *DeBaun v. Mayor*, &c., 16 *Ill.*, 392; *Oakey v. Trustees*, &c., 6 *Paige*, 267; *Wood v. Draper*, 24 *Barb.*, 217; *New London v. Brainard*, 22 *Conn.*, 552; *Davis v. Mayor*, &c., 1 *Duer*, 495 : *People v. Compton, id.*, 530; *People v. Sturtevant*, 5 *Seld.*, 263 ; *Chemical Bank*, 12 *How. Pr. R.*, 478; *Whitfield v. Rogers*, 26 *Miss.*, 84; *Burnett v. Cincinnati*, 3 *Ham.*, 73; *Frost v. Belmont*, 6 *Allen*, 152; *Mott v. Penn. R. R. Co.*, 30 *Penn.*, 1; *Hood v. Mayor*, &c., 1 *Allen*, 213; *Pope v. Halifax*, 12 *Cush.*, (*Mass.*,) 410; *Vanover v. Davis*, 27 *Geo.*, 354; *Williams v. Detroit*, 2 *Mich.*, 562; *Jonas v. Cincinnati*, 18 *Ohio*, 318; *Thompson v. Commissioners*, 2 *Abb. Pr. R.*, 248; *Roberts v. Mayor*, &c., 5 *id.*, 41; *Wood v. Draper*, 24 *id.*, 187; *S. C.*, 4 *id.*, 322; *Cooper's Eq. Cases*, 77; 1 *Railway Cases*, 135; 4 *Mylne and Cr.*, 249; 2 *id.*, 123; 4 *Abb. Pr. R.*, 57; *People v. Mayor*, &c., 32 *Barb.*, 102; *S. C.*, 10 *Abb. Pr. R.*, 144; *People v. Mayor*, &c., 9 *id.*, 253; *Cooper v. Allen, Harring Ch.*, 72; *Fiske v. Hazard*, 7 *J. R.*, 438; 1 *Kansas*, 432; 6 *Metc.*, (*Mass.*,) 425; 27 *Conn.*, 490; 25 *id.*, 224.

On the ground of public policy, in the case of a general tax, the courts have sometimes declined to interfere. The case in 1 *A. K. M., p.* 554, was by the owner of a billiard table, for himself alone. In *Ketchum v. City of Buffalo,* 14 *N. Y.,* 370, the decision was based on the ground that the act of the city was not *ultra vires,* and on the code as to parties. None of these cases can be considered in point.

MONTGOMERY & WARWICK and GALLAGHER & NEWTON, for defendants.

This suit having been brought before the Chancellor of Pulaski county, and the injunction therein prayed for, first granted then recalled, and, upon the application being renewed, refused, this court is now asked to exercise original jurisdiction of the matter, under the Constitution of 1836. These cases are conclusive of the jurisdiction of the court. *State v. Ashley,* 1 *Ark.,* 279; *Jones, ex parte,* 2 *Ark.,* 94; *Carnall v. Crawford County,* 6 *Eng.,* 604; *Marr, ex parte,* 7 *Eng.,* 84–87; *Allis, ex parte, id.,* 101; *Hunt, ex parte,* 5 *Eng.,* 284; *Crise, ex parte,* 16 *Ark.,* 195; *Good, ex parte,* 19 *Ark.,* 411.

So that, unless something exists in the new Constitution conferring such power, the Supreme Court has no such jurisdiction. The new Constitution makes it very clear that the court is not bound to exercise such jurisdiction, for where a known statute has been reënacted in terms, its known interpretation shall be presumed to have been also adopted by the Legislature. *McKenzie v. State,* 11 *Ark.,* 594.

The clause of the Constitution expounded in *Jones, ex parte,* is Art. VI., sec. 2: "It (the Supreme Court) shall have power to issue writs of error," &c., &c. The same language occurs in sec. 4, Art. VII. of new Constitution. It will be presumed, then, that the makers of that Constitution adopted the former interpretation, under which the court will not exercise original jurisdiction in matters of this kind.

·WILSHIRE, C. J.

This is an original complaint by Jones, in the nature of an equitable proceeding, against the Mayor and Aldermen of the city of Little Rock, filed in this court, praying for a writ of injunction to be issued, restraining the defendants from issuing notes or bonds of said city, to circulate as money, &c.

The first question, we think the only one that this court can determine by this proceeding, is the question of jurisdiction. The jurisdiction of this court is conferred and defined by the fourth section of article seven of the Constitution, which declares that the Supreme Court shall have general supervision and control over all inferior courts of law and equity; it shall have power to issue writs of error, supersedeas, certiorari, habeas corpus, mandamus, quo warranto and other remedial writs, and hear and determine the same. Final judgments from the inferior courts may be brought by writ of error, or by appeal, into the Supreme Court, in such manner as may be prescribed by law.

Thus it will be seen that this clause of the Constitution limits the original jurisdiction of the Supreme Court to those writs enumerated in that clause, or such "other remedial writs" as may be properly used in the exercise of its appellate jurisdiction, or that may be necessary in the exercise of the power of general supervision and control over the inferior courts; and the power of this court, to issue the writs referred to in that clause of the Constitution, is confined to the full and complete exercise of its appellate jurisdiction, and the exercise of a general supervision and control over the inferior courts of the State, and does not extend to writs of injunction, upon filing an original bill of complaint in this court. If this court has the power to issue a writ of injunction at all, it is only in aid of the exercise of its appellate jurisdiction, or in aid of its general power of supervision and control over the inferior courts conferred by the Constitution.

This doctrine was established by this court, after years of

patient investigation, in the year 1851, by an opinion delivered by Justice SCOTT, which has ever since been accepted by this court as a correct determination of the question. That learned judge, in the case of *Carnall v. Crawford County*, determined by this court at the January term, 1851, said that "the powers of superintending control, designed as they are only to keep the subordinate courts in due bounds, should rarely, if ever, be exerted either by the circuit courts over the county courts and justices of the peace, or by the Supreme Court over the inferior courts, otherwise than in harmony with ordinary appellate jurisdiction as regulated by law; and, therefore, before final judgment, nothing short of a clear defect of power in the subordinate court, or clear breach of duty and irreparable mischief, by delay, should make a case for interposition, otherwise the extraordinary powers of superintending control would conflict with, and in effect supersede, the ordinary appellate jurisdiction as regulated by law." *See case reported in* 6 *Eng.*, 617.

This doctrine has been reaffirmed by all the adjudications in which this question of jurisdiction has appeared, by this court, since 1851. *Marr, ex parte*, 12 *Ark.*, 84; *Allis, ex parte, ib.*, 102; *Crise, ex parte*, 16 *Ark.*, 195, *and Good, ex parte*, 19 *Ark.*, 411.

The former adjudications of this question, by this court, were under a grant of jurisdiction by the Constitution of 1836. The present Constitution, we think, does not extend the jurisdiction formerly possessed by this court, and we think that the only jurisdiction this court can exercise, under the grant of jurisdiction by the present Constitution, contained in the section and article above referred to, is that of appellate jurisdiction, and a "general supervision and control over all inferior courts," which unquestionably brings this case within the doctrine announced and reaffirmed in the cases cited. The question having been so elaborately discussed by the learned and able judges composing this court, when the cases cited were decided, we think it would be superfluous in us to discuss it further.

The petition, or bill of complaint, in this case, not showing any inherent defect in the inferior tribunal having original jurisdiction of such cases, or the incompetency of the incumbent of such tribunal, and therefore no failure of justice, the bill of complaint will be dismissed.